

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WIGGINS VERDIN                              CIVIL ACTION NO. 00-0030

versus                                      SECTION: "G" (3)

AVOYELLES CORRECTIONAL CENTER

### REPORT AND RECOMMENDATION

Plaintiff, Wiggins Verdin, appearing *pro se*, and presently incarcerated in the Avoyelles Correctional Center, Cottonport, Louisiana, initiated the above-captioned lawsuit pursuant to 42 U.S.C. § 1983 against the Avoyelles Correctional Medical Department and Warden Baron Kaylo. Plaintiff alleges a variety of issues relative to his conditions of confinement.

Because Title 42, Section 1983 of the United State Code contains no specific venue provision, venue is determined under Title 28, Section 1391 of the United States Code, also known as the general venue statue. See Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue

DATE OF ENTRY
MAR 2 7 2000


DATE OF MAILING



statute at 28 U.S.C. § 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Title 28 U.S.C. § 1406(a) of the United States Code further allows transfer of a case by a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. In the instant matter, plaintiff claims that his cause of action arose at Avoyelles Correctional Center. All of the defendants may be found within the geographical boundaries of the United States District Court for the Western District of Louisiana. It is in the interest of justice to all parties that venue be transferred to the Western District of Louisiana.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the instant matter be **TRANSFERRED** to the Untied States District Court for the **WESTERN DISTRICT OF LOUISIANA**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n.</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24 day of March, 2000.

LANCE M. AFRICK
UNITED STATES MAGISTRATE JUDGE

- 3 -